## HYATT v. McBURNEY.

1. Where a defendant gives notice of exceptions, for the purpose of appeal, to an intermediate decree, but not within the ten days prescribed by law, and takes no further steps to perfect an appeal, and the plaintiff brings up his appeal from this same decree, and it is heard and a final judgment afterwards rendered on Circuit, the defendant may then appeal from the final judgment and on such appeal ask a review of the intermediate decree so far as it affects the final judgment.
2. And this may be done even if defendant's notice had been given within the ten days.
3. This case distinguished from *Pringle* v. *Sizer*, 7 *S. C.* 131.
4. The act of 1878 (16 Stat. 698) regulating appeals to the Supreme Court does not repeal Section 11 of the code, which authorizes this court on appeal from a final judgment to review any intermediate decree, not before appealed from, necessarily affecting the judgment.
5. The act of 1878 regulates the mode and manner of appeals, but does not relate to the matter from which an appeal may be taken.

THIS is a motion to dismiss an appeal from a final judgment upon the ground that this appellant had given notice of appeal from an intermediate decree in the cause, but had failed to perfect his appeal, thereby waiving it. The notice which was claimed to be the notice of appeal from the intermediate decree was as follows :

"The defendant, Caroline Carson, excepts for the purpose of an appeal to the Supreme Court to so much of the decree of his Honor Judge Pressley as decides that the plaintiff has a valid mortgage on the property mentioned in the pleadings, or any lien thereon superior to the mortgage of Ball to the executors of Carson, which, in the case in the Supreme Court of the United States to which McBurney, the mortgagor, was a party, was adjudged a subsisting mortgage, when McBurney became a purchaser of the property, and prior to the date of the mortgage to the plaintiff's testator.

                                    "A. G. MAGRATH,
                                    JAMES LOWNDES,
                        *Attorneys for Caroline Carson.*"

"We acknowledge service of a copy of the within paper, but do not waive our objection to the fact that the time for an appeal has passed.

                                    "McCRADY & SON.
"*September* 20, 1880."

Other facts are stated in the opinion.

Messrs. *McCrady & Son*, for the motion.

Messrs. *A. G. McGrath* and *H. E. Young*, contra.

April 17, 1882.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   In this case the plaintiff respondent instituted an action to foreclose a mortgage covering a tract of land in Charleston county claimed by the defendant Mrs. Caroline Carson by virtue of an alleged older mortgage and a sale thereunder through proceedings in the United States Court.   The case was heard first by Judge Pressley in April, 1880.   The main question at that hearing was whether the mortgage under which Mrs. Carson claimed had been satisfied.

This question had previously been made in the United States Court as between some of the parties, and had been there decided in favor of Mrs. Carson.   But this plaintiff was not a

party to that proceeding. This fact was recognized by the United States Court, and in the judgment which was there pronounced it was expressly declared that the rights of the plaintiff were not concluded thereby. This question then being an open question before Judge Pressley, on the hearing of the case he decided that Mrs. Carson's mortgage had been satisfied and that plaintiff's mortgage was the only lien upon the land. Judge Pressley, however, in deference to the judgment of the Supreme Court of the United States, declined at that stage of the case to order the foreclosure sought by the plaintiff, and instead thereof remanded the case to the master to inquire and report whether or not the plaintiff could, without much expense and delay, make her claim out of other property of her debtor, McBurney & Co. holding in abeyance the order of foreclosure in the mean time.

From this decree the plaintiff appealed, and Mrs. Carson gave notice of exceptions for the purpose of appeal; but this notice was not given within the ten days required, and Mrs. Carson afterwards concluded not to perfect her appeal, being satisfied with the general result of Judge Pressley's decree, or at least preferring to await the report of the master as to the matter referred to him, hoping that this report would release the land from the encumbrance of plaintiff's mortgage by throwing plaintiff on other property of McBurney & Co., and consequently leave the land in her possession. The plaintiff's appeal, however, was perfected and was heard at the last term of this court, upon which hearing this court, assuming the facts found by Judge Pressley to be true, to wit, that the mortgage of Mrs. Carson had been satisfied, and that there was no other lien upon the land than that of the plaintiff, adjudged upon these facts, that plaintiff was entitled to a judgment of foreclosure, and sent the case back to the Circuit Court for such judgment. 15 *S. C.* 393.

Under this state of facts, the case came up before Judge Kershaw at the last term of the Circuit Court for Charleston county, who, in accordance with the opinion of this court, gave the plaintiff a judgment of foreclosure and ordered the land to be sold in satisfaction of plaintiff's mortgage. From this

judgment Mrs. Carson now appeals, and seeks to contest the questions of fact as to the satisfaction of the mortgage under which she claims found against her in the decree of Judge Pressley, and to which she was then willing to submit because the decree, notwithstanding the findings adverse to her therein, was in its general result satisfactory.

Mrs. Hyatt moves to dismiss this appeal upon two grounds :

*First.* Mrs. Carson having given notice of exceptions on September 20, 1880, for the purpose of appeal from the interme-diate decree of Judge Pressley filed a short time before, and having failed to perfect her appeal by preparing a case, . . . the plaintiff contends that her appeal has been waived as to that decree, and that she cannot now renew it in such way as to contest the facts found against her in said decree.

*Second.* That the act of 1878 on the subject of appeals, which requires the appellant to give notice of his intent to appeal within ten days, . . . has repealed Section 11 of the code, under which an intermediate order or decree might be reviewed upon an appeal from a final decree ; and consequently Mrs. Carson, having failed to perfect her former appeal under the notice which she then gave, has no right now to review the intermediate order of Judge Pressley by an appeal from the final decree of Judge Kershaw.

It appears from the statements in the brief that the notice of exceptions given by Mrs. Carson to the decree of Judge Pressley was not given within ten days after the filing of the decree. The decree seems to have been filed on September 3, 1880, and the notice was not given until September 20. There is nothing said as to whether Mrs. Carson had received written notice of the filing of the decree, but the attorneys of the plaintiff, on accepting service of her notice, incorporated into the acceptance a statement that they did not waive objection to the fact that the time of appeal had passed. We suppose then that Mrs. Carson had received notice of the filing of the decree, and that she failed to initiate her appeal within the ten days required, and consequently she had lost the right to appeal from the decree, as an intermediate order, at that time.

Such being the fact, it will not be necessary to consider the

·question as to what would have been the effect had her notice been in time, and no subsequent steps taken. Upon the facts .as they exist in the case, the question of abandonment and waiver cannot arise. That question could become involved ·only where in a case some step had been taken which gave the party the right to proceed further, and without which ·further action the right gained by the first step would be forfeited or waived. But where the first step is without effect, the failure to follow it up is needless and harmless, as there ·can be no abandonment until a right attaches.

Here, assuming that Section 11 of the code is still of force, Mrs. Carson had the right to appeal from the decree of Judge Pressley as an intermediate order by giving notice within ten ·days after written notice of the filing of said decree, and had she given that notice within the required time her appeal would have been initiated; and then a failure on her part to take the next step necessary to perfect it would have amounted to a waiver as to the rights attached. But having failed to initiate the right to appeal from this decree as an intermediate order by notice within the time, her notice beyond the time was nugatory, and her failure to proceed further on that notice amounted to nothing.

We must look at the case, therefore, as an appeal from a final decree, and as if no appeal had been attempted by her from the intermediate decree. Considering the case in that aspect, the important question is, Can she appeal from the judgment of Judge Kershaw as a final judgment, and on that appeal have the intermediate decree of Judge Pressley reviewed? The right to review intermediate decrees on appeal from final judgments is expressly provided for by Section 11 of the code, and unless the act of 1878 has repealed this section, there would seem to be no doubt as to this question, if Judge Kershaw's decree can be regarded as a final Circuit decree.

The decree of Judge Pressley was not a final determination of the rights of the parties. Certain facts were found by him, but there was no final judgment on the merits pronounced. On the contrary, the case was remanded by Judge Pressley to the master, and the future and final judgment was to depend

upon the report subsequently to be made by that officer. At that stage of the case the plaintiff appealed. Upon that appeal the court in effect determined that upon the facts found by Judge Pressley a final judgment of foreclosure should have been then granted by him, and ordered the case back for that purpose. So that the judgment subsequently granted by Judge Kershaw is the only final judgment which has been pronounced in the case, and although this has been pronounced in accordance with the opinion of this court on the former appeal, yet it is not the judgment of this court in the sense that it has finally determined the rights of the parties, as the judgment of a court of last resort from which there could be no appeal.

The former appeal was from an intermediate order referring the case to the master for further report as to certain facts. The then appellant denied the necessity of this reference, and claimed that the decree at that time and upon the facts then found should have been a final decree of foreclosure. This court sustained this view of the appellant, and sent the case back for such a decree, which now having been pronounced by the Circuit Court, must be regarded as a final decree of that court, from which Mrs. Carson has the right to appeal under the general law authorizing appeals from final judgments, and unless Section 11 of the code has been repealed by the act of 1878, upon this appeal to have reviewed the findings of the Circuit judge in any intermediate decree affecting this judgment.

Now, has the act of 1878 repealed Section 11 of the code? We find in the act the usual repealing clause only, to wit, "That all acts and parts of acts inconsistent herewith are hereby repealed." There is no express repeal in terms of section 11, and if this section has been repealed, then it has been done by implication. Repeals by implication are not favored. *Coleman* v. *Scurry*, 14 *S. C.* 166. Construed under the light of this principle, is there such inconsistency between the two as that they cannot stand together? Section 11 provides that appeals may be taken from any intermediate judgment, order, or decree involving the merits, and from final judgments, *provided*, if no appeal be taken until final judgment, the court

may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from. The act of 1878 provides that in every appeal from matters contained in judgments or decrees at chambers . . . the appellant must give notice of his intention to appeal within ten days after written notice of the filing of said decree, . . . otherwise the right to appeal is lost.

The respondent contends that where a party desires to appeal from an intermediate order or decree he cannot await the final decree, but must appeal at once from the intermediate, because of the provision in the above act as to the ten days' notice of intent to appeal required to initiate the appeal. To illustrate by the facts of this case. The intermediate decree of Judge Pressley, which the appellant desires to have now reviewed, was filed in February, 1880; the final decree of Judge Kershaw September 9, 1881. The respondent claims that the act of 1878, having provided that in every appeal . . . the appellant must, within ten days after written notice of the filing of the decree appealed from, give notice of his intent to appeal, and the appellant not having given this notice as to the intermediate decree of Judge Pressley has lost her right to have this decree reviewed by the court, by appeal from the final decree of Judge Kershaw.

We do not concur in this view for several reasons. The act of 1878 was not intended to limit or curtail the right of appeal existing before the passage of the act, but its purpose was to prescribe the mode and manner of inaugurating and perfecting appeals; and although it does use the language " that *in every appeal* . . . the appellant must give notice of his intent to appeal within ten days after he receives written notice of the filing of the decree which he desires to appeal from," yet this was not intended to deprive parties of any rights as to appeals which they previously had, but simply to prescribe what was necessary to be done as a first act where a party intended to appeal.

For instance, before the act of 1878, parties under Section 11 of the code could appeal from an intermediate decree when pronounced, or they could let that rest, and, awaiting the final

decree, appeal from that. Now, the true meaning of the act of 1878 is that when an appeal is intended from either the one or the other of such decrees, the appellant must give his notice within ten days after the written notice to him of the filing of the decree, either intermediate or final, from which he desires to appeal. He loses his right to appeal in either case by failing to give this notice, and the right is secured in either case by giving it; and when thus secured in either, it is secured with all of its incidents.

Now, one of the incidents which belongs to an appeal from a final judgment is the power which is conferred on this court by the *proviso* to Section 11 of the code to review on such appeal any intermediate decree or matter which may have led to or affected such judgment. This review, as it will be observed from reading the *proviso*, is not a right conferred upon the parties so much as it is a power given to this court, and it is a very important and necessary power. Without it, appeals would be multiplied, causes delayed, and this court, being unable to look into the very matters which may have caused errors in the final judgment, rendered powerless to correct them. The legislature scarcely intended to limit this court in this respect, and cut off this important power of review in such indirect and obscure manner.

The decree of Judge Kershaw is a final decree of the Circuit Court. Mrs. Carson has complied with the act of 1878, by giving notice, within the ten days, of her intent to appeal, and by the preparation of the other papers required by that act. This brings the appeal properly before this court. When here, though she did not appeal from the intermediate decree of Judge Pressley, yet if it has affected the final judgment of Judge Kershaw, under the *proviso* of Section 11, we have the power to review it. The case of *Pringle* v. *Sizer*, 7 *S. C.* 131, does not, in our judgment, conflict with this conclusion. That case decided that where a party appeals from a later order, leaving the first unaffected, he is concluded as to the first. There are no such facts in this case; Mrs. Carson's attempt to appeal was from a former order, not a later one, and the principle of *Pringle* v. *Sizer* does not apply.

The act of 1878, as decided in *Coleman* v. *Scurry,* 14 *S. C.* 168, and *Rogers* v. *Nash,* 12 *Ib.* 560, relied on by respondent, as we have already stated, has reference only to the mode and manner of appeal, initiating and perfecting it, and not as to the matter from which an appeal may be taken, or as to the powers of this court, when the appeal reaches it. Nor does it in any way conflict with Section 11 of the code, or the important *proviso* thereto attached.

It is the judgment of this court that the motion to dismiss the appeal be refused, and it is so ordered.

Plaintiffs presented a petition for rehearing, alleging that the decree of Judge Pressley was filed September 3, 1880, in vacation, but that notice of the filing of the decree was not served upon Mrs. Carson's attorneys until September 11, and that therefore her notice of appeal served September 20 was within the ten days required by law. Mrs. Carson answered this petition denying that she or her counsel had ever received from the executors of Hyatt, or their counsel, notice of the filing of Judge Pressley's decree, but that she had received such notice from the clerk of court on September 3, 1880.

May 12, 1882. The following order was passed:

PER CURIAM. It is ordered that this petition be dismissed. It is true that this court, in refusing the motion made at the last term to dismiss the appeal, understood, as stated in the petition, that Mrs. Carson failed to give her notice of intent to appeal from the intermediate decree of Judge Pressley within the ten days required by the act of 1878, and upon a re-examination of the brief we do not see how the court could have reached any other conclusion. Whether this was the fact or not, the parties do not seem now to agree. But be that as it may, we do not see that the result should be changed. Because, while it may be admitted that a failure by Mrs. Carson to take the next step after her notice of appeal given in time would have waived her appeal from the decree of Judge Pressley as an intermediate decree, yet she was not bound to appeal from that decree as an intermediate decree. And we

do not think that a failure to do so, or a waiver of her privilege in this respect, would have forfeited her right to appeal from the judgment of Judge Kershaw as a final judgment in the case, subject to the power on the part of this court to review upon such appeal any intermediate decree affecting said judgment.

[NOTE.—Under a strict construction, the notice given by Mrs. Carson on September 20, 1880, might be treated as a notice of exceptions taken to that decree, and not a notice of intention to appeal therefrom in advance of the final judgment. It is not designated as a notice of appeal, nor does it use the language of Section 2 of the act of 1878, but is in the very words of the first section, "Excepts for the purpose of appeal to the Supreme Court." Every exception to an interlocutory order or intermediate decree of a Circuit judge is taken for the purpose of appeal, inasmuch as only the Supreme Court can consider such an exception. It would seem to be proper practice and prevails generally, it is believed, to take exceptions to intermediate decrees and put them upon the record, although there is no intention of *then* appealing. When the final judgment is rendered and appeal is then taken, the "case" will show that errors in the judgment resulting from errors in interlocutory orders and decrees in the cause were duly excepted to at the proper stages, and again excepted to as embodied in the final judgment. That exceptions to such an order should be taken at the time seems to be contemplated by Section 290 [292] of the code of procedure. It is somewhat analogous to exceptions taken to the rulings of the presiding judge upon questions of evidence, where witnesses are examined before him in a case in chancery. His decree may not be filed for two months afterwards; it would then be too late to note exceptions to such rulings at the hearing, but if taken within proper time they would come up to this court in the appeal taken from the decree.

It should be observed that in this case the respondents did not make the point that the appellants could not now *except* to the final judgment because that the alleged errors in such judgment were matters already passed upon in the intermediate decree, to which no *exceptions* were taken; but the motion is based solely upon the failure to perfect at the time an appeal from the intermediate decree, *notice of appeal* having been given and then abandoned. To this point the opinion of the court must be considered as responsive, for it was the only point made by the motion. Respondents and appellant both treated the notice of September 20 as a *notice of appeal*, and as such the court considered it in connection with the act of 1878 and Section 11 of the code. Section 11 of the code relates to appeals, not to exceptions. REPORTER.]